UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES E. BOYCE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13CV2337 JCH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on pro se Movant James E. Boyce's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed November 18, 2013. (ECF No. 1).

**BACKGROUND**

By way of background, on January 9, 2009, Movant pled guilty to one count of being a felon in possession of a firearm, in violation of Title 18 U.S.C. § 922(g)(1). The Plea Agreement expressly provided that both parties reserved the right to appeal all sentencing issues. (Cause No. 4:08CR578 JCH, ECF No. 27, P. 3). The Plea Agreement also stated that "[t]he Defendant understands that the Government may move for an upward departure based upon the inadequacy of the criminal history category pursuant to U.S.S.G. sec. 4A1.3." (Id.). The Plea Agreement further made clear that it was possible Movant would be an Armed Career Criminal pursuant to 18 U.S.C. § 924(e), and as a result would face a mandatory minimum sentence of 15 years. (Id., PP. 6, 7-8, 10-11).

Following extensive briefing and an evidentiary hearing, this Court adopted the conclusion of the United States Probation Office in its Presentence Investigation Report that Movant was not an

Armed Career Criminal. (Cause No. 4:08CR578 JCH, ECF No. 62). The Court then sentenced Movant to 37 months imprisonment, followed by supervised release for two years. (Id., ECF No. 63).

The Government appealed Movant's sentence to the Eighth Circuit Court of Appeals, challenging this Court's determination that Movant was not an Armed Career Criminal. On February 28, 2011, the Eighth Circuit issued its judgment reversing the decision of this Court. (Cause No. 4:08CR578 JCH, ECF No. 75). The Court then resentenced Movant on April 23, 2013, to a term of 180 months imprisonment, followed by three years supervised release. (Id., ECF No. 138). Movant's pro se direct appeal of the Amended Judgment was denied as untimely. (Id., ECF No. 145).

In the instant § 2255 Motion, filed November 18, 2013, Movant alleges he received ineffective assistance of counsel, in that his counsel failed to file a notice of appeal.[1]

**STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack..." 28 U.S.C. § 2255(a). Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" ***Reed v. Farley***, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[2]

---

[1] Movant makes other claims in his § 2255 Motion that will not be addressed in this Order.

[2] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror §

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Shaw*, 24 F.3d at 1043 (citation omitted).

**DISCUSSION**

As stated above, in his § 2255 Motion Movant maintains he received ineffective assistance of counsel, in that his counsel failed to file a notice of appeal. "An attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling the [movant] to § 2255 relief." *Evans v. United States*, 2006 WL 1300672, at *5 (E.D. Mo. May 8, 2006). "No inquiry into prejudice or likely success on appeal is necessary." *Id.* (citing *Holloway v. United States*, 960 F.2d 1348, 1356-57 (8th Cir. 1992)).

> "The appropriate remedy is to remand for re-sentencing, thus affording the [movant] an opportunity to take a timely direct appeal." *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000). For such a claim to succeed, however, Movant must show that he instructed his counsel to file an appeal. *See Holloway*, 960 F.2d at 1357.

---

2254 in operative effect.'" *Reed*, 512 U.S. at 353 (quoting *Davis v. United States*, 417 U.S. 333, 344 (1974)).

*Id.* "The critical question, then, is whether Movant specifically asked his lawyer to file a notice of appeal." *Id.*[3] Upon consideration of the foregoing, the Court will hold an evidentiary hearing, in order to determine the facts relating to the alleged failure to file a notice of appeal on the part of Movant's counsel. *See Crutcher v. United States*, 2 Fed. Appx. 658 (8th Cir. 2001).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant James E. Boyce's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (ECF No. 1) is **HELD IN ABEYANCE**.

**IT IS FURTHER ORDERED** that the Court will hold an evidentiary hearing, in order to determine the facts relating to the alleged failure to file a notice of appeal on the part of Movant's counsel.

**IT IS FURTHER ORDERED** that attorney Eric W. Butts, 720 Olive Street, Suite 1630, St. Louis, MO 63101, phone (314) 621-1617, is appointed to represent Movant in this matter. The Clerk of the Court shall provide Movant's appointed counsel with a complete copy of the court file at no cost.

**IT IS FURTHER ORDERED** that the presence and participation of James E. Boyce, Inmate # 35559-044, is required for the evidentiary hearing, which will be held before this Court on **Tuesday, September 23, 2014**, at **10:00 a.m.**

[3] "If Movant did ask for an appeal, his lawyer violated his Sixth Amendment rights by failing to complete the ministerial task of filing a notice of appeal." *Evans*, 2006 WL 1300672, at *5 (internal quotation marks and citation omitted).

**IT IS FURTHER ORDERED** that the United States Marshal Service shall transport Movant James E. Boyce, Inmate # 35559-044, from FCI Estill, in Estill, South Carolina, to this Court, to attend the hearing.

**IT IS FURTHER ORDERED** that the remaining claims in Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (ECF No. 1) are **HELD IN ABEYANCE**, pending the outcome of the scheduled evidentiary hearing.

Dated this 29th Day of July, 2014.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE